UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

---

EVAN N. WESTMORELAND, 05-R-2170,

                    **Plaintiff,**          07-CV-104(Sr)

v.

**JAMES CONWAY, et al.,**

                    **Defendants.**

---

## DECISION AND ORDER

Pursuant to 28 U.S.C. § 636(c), the parties have consented to the assignment of this case to the undersigned to conduct all proceedings in this case, including the entry of final judgment. Dkt. #13.

Following the resolution of certain defendants' motion to dismiss, the Court issued an Order scheduling a preliminary pretrial conference for October 15, 2009 and advised the plaintiff that he could participate in the conference by telephone so long as he contacted the Court to provide a telephone number at which he could be reached. Dkt. #19. Plaintiff did not contact the Court nor did he appear for the preliminary pretrial conference as scheduled. Dkt. #20.

The Court rescheduled the preliminary pretrial conference for November 2, 2009, and mailed a copy of the Order to plaintiff's last two known addresses in Rochester, New York. Dkt. #21. Plaintiff did not contact the Court nor did he appear for the rescheduled preliminary pretrial conference as directed. Dkt. #21.

By Order to Show Cause entered November 6, 2009, the Court ordered plaintiff respond in writing to be received by the undersigned at 418 U.S. Courthouse, Buffalo, New York, 14202, no later than December 11, 2009 why this matter should not be dismissed for failure to prosecute pursuant to Fed. R. Civ. P. 41(b), and warned plaintiff that his failure to comply with this Order would result in the dismissal of this action with prejudice.  Dkt. #22.  A copy of that Order was mailed to plaintiff at his last two known addresses.

Although plaintiff failed to respond as directed, the Clerk of the Court updated plaintiff's address on December 3, 2009.  As a result, the Court issued an Order affording plaintiff another opportunity to explain to the Court, in writing, why this matter should not be dismissed for failure to prosecute pursuant to Fed. R. Civ. P. 41(b).   Dkt. #23.  The Court warned plaintiff that his failure to comply would result in the dismissal of his action with prejudice.  Dkt. #23.

The Court has not received any response from plaintiff.  None of the Court's correspondence to plaintiff has been returned to the Court by the United States Postal Service.

## DISCUSSION AND ANALYSIS

Rule 41(b) of the Federal Rules of Civil Procedure provides that

If the plaintiff fails to prosecute or to comply with these rules
or a court order, a defendant may move to dismiss the

> action or any claim against it. Unless the dismissal order
> states otherwise, a dismissal under this subdivision . . .
> operates as an adjudication on the merits.

However, the Court of Appeals for the Second Circuit has required district courts to afford *pro se* plaintiffs "special leniency regarding procedural matters" and "has repeatedly detailed factors . . . to be considered before dismissal for failure to comply with a court order." *LeSane v. Hall's Sec. Analyst, Inc.*, 239 F.3d 206, 209 (2d Cir. 2001). "[T]hese factors significantly cabin a district court's discretion under Rule 41(b), so that deference is due to the district court's decision to dismiss a *pro se* litigant's complaint only when the circumstances are sufficiently extreme." *Id.* (internal quotation omitted). As a result, a district court contemplating dismissing a plaintiff's case for failure to prosecute must consider: (1) the duration of the plaintiff's failures; (2) whether plaintiff had received notice that further delays would result in dismissal; (3) whether the defendant is likely to be prejudiced by further delay; (4) whether the district judge has taken care to strike the balance between alleviating court calendar congestion and protecting a party's right to due process and a fair chance to be heard; and (5) whether the judge has adequately assessed the efficacy of lesser sanctions. *See Lewis v. Rawson*, 564 F.3d 569, 576 (2d Cir. 2009); *United States ex rel. Drake v. Norden Sys., Inc.*, 375 F.3d 248, 254 (2d Cir. 2004); *LeSane*, 239 F.3d at 209.

In the instant case, the Court has been unable to conduct the Preliminary Pretrial Conference originally scheduled more than four months ago. Dkt. #21. The Court has attempted to contact plaintiff by mailing its Orders to plaintiff's last three

addresses. Dkt. ##21-23. It is presumed that the Court's Orders have been received by plaintiff. *See* Rule 5.2(d) of the Local Rules of Civil Procedure ("A party appearing pro se must furnish the Court with a current address at which papers may be served on the litigant. Papers sent to this address will be assumed to have been received by plaintiff."). Recognizing plaintiff's address as Rochester, New York, plaintiff was not expected to travel to Buffalo, but afforded the opportunity to participate in the preliminary pretrial conference by telephone and to explain his failure to contact the Court in writing. Dkt. ##19 & 21-23. Plaintiff was twice warned that his failure to abide by the Court's Orders could result in a dismissal of his action on the merits. Dkt. #22 & Dkt. #25. Despite these efforts, plaintiff has failed to contact the Court or otherwise prosecute his claim.

To hold this action in abeyance until plaintiff deigns to contact the Court would undermine the Court's ability to manage its caseload and could prejudice defendants by forcing them to chose whether to expend resources gathering information to defend against plaintiff's allegations or risk plaintiff reappearing at a point when the memories of witnesses may have faded or documents been misplaced. Finally, the Court cannot fathom any lesser sanction than dismissal which could preserve the integrity of the Court's authority over indigent, *pro se* litigants such as plaintiff. To permit plaintiff's case to be held in abeyance until such time as plaintiff reestablishes contact with the Court would eviscerate the semblance of any procedural standards for *pro se* plaintiffs.

## CONCLUSION

Based on the foregoing, this action is dismissed with prejudice pursuant to Fed. R. Civ. P. 41(b).

**SO ORDERED.**

**DATED:** **Buffalo, New York**
**March 9, 2010**

  **s/ H. Kenneth Schroeder, Jr.**
**H. KENNETH SCHROEDER, JR.**
**United States Magistrate Judge**